## MARSTON *versus* SAVAGE & al.

On mesne process for indebtment on contract to the amount of ten dollars, upon the *oath* of the creditor, his agent or attorney, that he has reason to believe and does believe that his *debtor* is about to depart and reside beyond the limits of the State, *he* may be arrested and imprisoned unless he gives the bond or makes the disclosure as provided in c. 148, R. S.

When he has given *such bond,* and the conditions have been broken, and no fraud is imputable to the creditor, it cannot be avoided by showing, that the debtor was not *in fact* about to depart and reside beyond the limits of the State.

ON REPORT from *Nisi Prius,* APPLETON, J. presiding.

DEBT, on a bond given by one of defendants, to free himself from arrest on a writ sued out against him by plaintiff upon contract, in which the debt exceeded $30.

Upon the back of the writ was the certificate required by § 2 of c. 148, R. S., and the debtor gave the bond provid-ed for in § 17 of the same chapter. Judgment was rendered in

that suit and execution issued in April, 1852. The conditions of the bond were not fulfilled and this action was commenced in June, 1852.

The defendants introduced evidence tending to show that the debtor was not about to depart, &c., and in fact did not reside out of the State. There was evidence tending to show on the other side that it was so reported.

Upon so much of the evidence as was admissible, the Court were authorized to render judgment by nonsuit or default as the law required.

*Foster*, for defendants.

1. The creditor's certificate is not conclusive to authorize an arrest. R. S., c. 148, § 2.

2. The evidence is not sufficient to justify creditor in making his certificate. It should have been as to his acts and not rumors.

3. The arrest was consequently illegal, and bond void.

4. But if legal the bond is not a statute bond.

*Stackpole*, for plaintiff.

TENNEY, J. — A creditor upon contract, which creates an indebtedness to the amount of ten dollars, has the right upon mesne process, to arrest his debtor when the latter is about to depart and reside beyond the limits of this State, with property or means exceeding the sum required for his own immediate support. The proof of the facts necessary to the exercise of this right, is the oath of the creditor, his agent or attorney, that he has reason to believe, and does believe, that they exist. R. S., c. 148, § 2.

The right to give the bond, whether a bail bond or such as is required by § 17, and similar to the one in suit, is provided, that the debtor may be relieved from the arrest and imprisonment.

When the creditor has the legal power to hold his debtor in prison, if he fail to provide a bond, with no other evidence of his intention to take up his residence in another State, and of the amount of his means than his own oath, it

cannot be supposed that the Legislature designed, that in a case, where no fraud was suggested, the obligors can avoid the bond, by showing that the debtor was not in fact about "to depart and reside beyond the limits of this State," &c.

The arrest of the principal obligor in the bond, was made in pursuance of the provisions of law, and the action is maintainable, it not appearing that the conditions have been performed.          *Defendants defaulted;—*
*and to be heard in damages.*

RICE, APPLETON and CUTTING, J. J., concurred.